NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4505
_____

UNITED STATES OF AMERICA

v.

ANTONIO TOVAR, JR.,
<u>Appellant</u>

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 1-09-cr-00126-001 )
District Judge:  The Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 15, 2010
Before:   FUENTES, VANASKIE and WEIS, <u>Circuit</u> <u>Judges</u>.
Filed:  July 22, 2010
_____

<u>OPINION</u>
_____

WEIS, <u>Circuit</u> <u>Judge</u>.

Defendant Antonio Tovar, Jr., who was deported from the United States in

2004, pled guilty to illegally re-entering the country after having been convicted of an

1

aggravated felony. See 8 U.S.C. § 1326. The District Court sentenced him to 57 months' imprisonment, a calculation below the initial Guideline range but within the range ultimately determined by the Court. Defendant now contends that his sentence was procedurally unreasonable because the District Court failed to state an adequate reason for declining to grant a variance under 18 U.S.C. § 3553(a) based on "fast-track" sentencing. We will affirm the sentence imposed.

In determining the initial Guideline range, the District Court arrived at an adjusted offense level of 21, which, when applied to the defendant's criminal history category of V, culminated in a range of 70-87 months' imprisonment.

The District Court reviewed the defendant's request for a reduction because if he were in a border state courtroom, he would be eligible for fast-track sentencing and a decrease in the adjusted Guideline offense level. In denying the variance, the district judge acknowledged that she had the discretion to "give it[,]" see United States v. Arrelucea-Zamudio, 581 F.3d 142, 148-49 (3d Cir. 2009), but declined to do so because she believed that granting the variance "would create . . . a great disparity" between others she had sentenced and defendant. Moreover, the district judge believed that defendant was "likely to attempt re-entry into the United States illegally in the future."

However, determining that the defendant's criminal history had been overstated, the District Court sua sponte reduced it from a category V to a category IV. As a result, the defendant's Guideline range became 51-71 months' imprisonment.

2

Our review of the record reveals that the District Court made "an individualized assessment based on the facts presented, . . . judge[d] their import under § 3553(a)[,]" see id. at 155, and arrived at a reasonable sentence. We are convinced that the District Court committed no reversible error in the defendant's sentence.

Accordingly, the Judgment of the District Court will be affirmed.